# IN THE COURT OF APPEALS OF IOWA

No. 19-0533
Filed June 5, 2019

**IN THE INTEREST OF N.S. and M.S.,**
**Minor Children,**

**M.S., Father,**
        Appellant,

**P.A., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A mother appeals the termination of her parental rights to two children, and a father appeals the termination of his parental rights to the older child. **AFFIRMED ON BOTH APPEALS.**

Blake D. Lubinus of Lubinus Law Firm, Des Moines, for appellant father.

Heidi Young of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, LLP, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Yvonne C. Naanep, Des Moines, attorney for minor children.

Teresa Pope of Branstad Law, PLLC, Des Moines, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

This appeal involves two children, born in 2009 and 2010. The juvenile court terminated the mother's parental rights to both children and the father's parental rights to the older child. On appeal, both parents contend the State failed to prove the grounds for termination cited by the court and termination is not in the children's best interests.

*I.*     *Mother*

The juvenile court terminated the mother's parental rights under four statutory provisions. We may affirm if we find clear and convincing evidence to support any of the grounds. *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). On our de novo review, we focus on Iowa Code section 232.116(1)(f) (2019), which requires proof of several elements, including proof the child cannot be returned to the parent's custody.

The family came to the attention of the department of human services in 2016 after the mother gave birth to a child with opiates in her system. That child is not a subject of this appeal. Nor is the third of the mother's four children. This appeal involves the first two children.

The children were temporarily removed from the mother's custody with her consent. The juvenile court later adjudicated them in need of assistance. Although the mother obtained a substance-abuse evaluation and completed an extended outpatient drug-treatment program, she was unsuccessfully discharged from another treatment program, and the department reported that she "appear[ed] in denial regarding her substance abuse." Nonetheless, reunification remained the goal.

At the end of 2016, the mother tested positive for cocaine and, in February 2017, she failed three drug tests. Later that year, the district court placed the two children with their maternal grandmother.

The placement did not go well. According to the State, the grandmother was unable to set appropriate boundaries with the mother, who appeared to be using drugs and was unengaged in services. The younger child was transferred to his father in South Dakota for a trial home visit. The older child was returned to foster care, where she remained through the termination hearing.

After several months, the department discovered that the father had moved from South Dakota to Minnesota "without notifying anyone." The younger child was removed from his care and was returned to Iowa, where the court ordered him placed with his mother for a thirty-day trial home stay.

The mother failed to get the child to school on time, missed a therapy appointment and, according to the department social worker overseeing the case, "was using drugs at that time." The juvenile court returned the younger child to foster care.

The State petitioned to terminate parental rights. At an evidentiary hearing, the department social worker testified the mother "never really truly felt that she needed treatment." When asked if substance-abuse concerns were resolved, the worker stated, "No, not at all." She also testified to the absence of regular contact between the mother and children for four months.

The mother also testified. When asked whether she consented to termination of her parental rights to the children, she responded, "I agree in a sense of a way there's no way that I can get them. So I agree." Later, she stated it would

not be appropriate to return the children to her custody "[c]onsidering where" she lived. Her concessions confirm the children could not be returned to her custody, as set forth in section 232.116(1)(f)(4).

We turn to the mother's argument that termination is not in the children's best interests. *See* Iowa Code § 232.116(2). The case was opened almost three years prior to the termination hearing. The juvenile court afforded the mother every opportunity to resume care of her children, including regular visits and a trial home placement of the younger child. The mother continued to use non-prescribed opiates and showed herself unable to safely parent the younger child. The older child was doing well in foster care and wished to remain there. We conclude termination is in the children's best interests.

In connection with her best-interests argument, the mother also contends the court should have placed the children in a guardianship with their maternal grandmother. The district court tried that option, without success. There was no reason to try again.

On our de novo review, we affirm the district court's termination of the mother's parental rights to these two children.

## II. Father

As noted, the father of the two children involved in this appeal lived in South Dakota and Minnesota. The district court denied the State's petition to terminate the father's parental rights to the younger child, reasoning that the father did not abandon or desert the child as alleged in section 232.116(1)(b) and made efforts to have meaningful contact with the child, contrary to section 232.116(1)(e). The

father argues the court also should have declined to terminate his parental rights to the older child. On our de novo review, we disagree.

The father concedes he had little contact with the older child. He attempts to excuse the absence of contact by citing his limited resources. We do not doubt that travel to Iowa was financially burdensome. But the department attempted to alleviate the burden by offering him gift and gas cards. The department also afforded the father phone calls with the older child, an option the father admitted he did not regularly utilize. We are persuaded he failed to make "a genuine effort to maintain communication with the child." *See id.* § 232.116(1)(e)(3). The State proved termination of the father's parental rights to the older child is warranted under section 232.116(1)(e).

The father also argues termination is not in the older child's best interests. *See* Iowa Code § 232.116(2). We disagree. The father did not participate in therapy to repair his frayed relationship with the child. After almost three years, the child expressed a strong desire to remain where she was. On our de novo review, we conclude the emotional well-being of the child militated against reunification. We affirm the termination of the father's parental rights to the older child.

**AFFIRMED ON BOTH APPEALS.**